UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JMC CONSTRUCTION LP, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-01925-B |
| | § | |
| MODULAR SPACE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Entry of Default Judgment (doc. 36) After review of the motion and briefing, the Court **DENIES** Plaintiff's Motion for Entry of Default Judgment (doc. 36).

### Background

This breach of contract case was removed from state court on November 16, 2007. Defendant Modular Space Corporation filed its Original Answer on November 26, 2007. Following an unopposed motion, the Court granted Defendant leave to file its Counterclaim against Plaintiff, which Defendant filed on April 8, 2008. After a series of motions and responses, the Court granted Plaintiff leave to file its First Amended Original Complaint, which Plaintiff filed on April 15, 2008. All of the claims and counterclaims in this case relate to alleged breaches of the contract between the parties and revolve around the same series of related circumstances and facts. Plaintiff filed an Answer to Defendant's Counterclaim on April 18, 2008. Defendant admits that it did not file an Answer to Plaintiff's First Amended Original Complaint.

## Analysis

Plaintiff asks this Court to enter a default judgment based on Defendant's failure to file an answer to its amended complaint. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This Court follows the Fifth Circuit's position that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted); *Horizon Distribs. v. GP&E Operating, LP*, 2008 U.S. Dist. LEXIS 44508, at *7 (N.D. Tex. June 6, 2008). This Court will make every effort to decide a case on its merits rather than rule on a technicality. *See Conley v. Gibson*, 355 U.S. 41, 48, *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (U.S. 2007) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . ."); *Horizon Distribs.*, 2008 U.S. Dist. LEXIS 44508, at *7 ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996))). Additionally, "[g]enerally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

While it is true that Defendants did not file an answer in response to the amended complaint, the history of the case shows Defendant has made an appearance in the case and has shown its intent

to defend against all of Plaintiff's claims. *See* Fed. R. Civ. P. 55(a). For example, the parties engaged in mediation on the claims. Furthermore, the parties have each filed motions for summary judgment on the claims and counterclaims in this case; and the parties have filed responses to those motions. The considerable motion practice demonstrates that the issues in dispute have been, and continue to be, hotly contested by both parties. Plaintiff has fair notice that Defendant intends to defend itself against the claims in the First Amended Original Complaint. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claim asserted." (quoting 2A Moore's Federal Practice ¶ 8.13, at 8-58 (2d ed. 1994))).

Accordingly, the Court **DENIES** Plaintiff's Motion for Entry of Default Judgment (doc. 36).

**SO ORDERED.**

**SIGNED October 8, 2008**

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**