UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JMC CONSTRUCTION LP, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-01925-B |
| | § | |
| MODULAR SPACE CORPORATION, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant/Counter-Plaintiff Modular Space Corporation's ("ModSpace") Motion to Voluntarily Dismiss its Counterclaims under Rule 41(a)(2) (doc. 97) After review of the motion and briefing, the Court **DENIES** the Motion.

## I. PROCEDURAL BACKGROUND

This declaratory judgment and breach of contract case was removed from state court on November 16, 2007. Defendant Modular Space Corporation filed its Original Answer on November 26, 2007. The case is set for trial November 3, 2008 and the parties' are scheduled for a pre-trial conference before the Court at 10:00 a.m. on October 31, 2008. The Motion to Dismiss was filed by ModSpace on October 30, 2008. ModSpace seeks to voluntarily dismiss its negligence and breach of contract counterclaims.

## II. ANALYSIS

**A. Legal Standard**

Under Fed. R. Civ. P. 41(a)(2), the decision to dismiss a case at a plaintiff's request and to decide the terms and conditions of the dismissal fall within sound discretion of the district court.

*Schwarz v. Folloder*, 767 F. 2d 125, 129 (5th Cir. 1985)(citations omitted); Fed. R. Civ. P. 41(a)(2). Courts may grant voluntary dismissal of a cause of action freely unless the non-moving party will suffer plain legal prejudice as a result. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In the context of a discussion on plain legal prejudice, the Ninth Circuit defined "legal prejudice" as "prejudice to some legal interest, some legal claim, some legal argument." [1] *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)(*citing Hyde & Drath v. Baker*, 24 F. 3d 1162, 1169 (9th Cir. 1994)).

A number of factors are considered in determining whether a defendant will endure plain legal prejudice as a result of a voluntary dismissal, including: whether dismissal will preclude the court from deciding a pending case-dispositive or claim-dispositive motion; whether a plaintiff is merely seeking to circumvent a likely adverse result; and/or whether there is an objectively reasonable basis for finding that the defendant would suffer legal prejudice absent a merits resolution by the forum court. *See Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203-04 (N.D. Tex. 1988). The Fifth Circuit has found plain legal prejudice in instances "where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense" or when the motion is filed at a "late stage" in the litigation. *See, e.g., Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003) (explaining that the timing of the motion to dismiss can cause plain legal prejudice); *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (holding that a second suit that would bar a defendant from utilizing a statute of limitations

---

[1] In *Westlands*, the Ninth Circuit "conclude[d]" that "legal prejudice" means "just that - prejudice to some legal interest, some legal claim, some legal argument..." Even though the court does not specifically refer to *plain* legal prejudice in this sentence, this Court assumes the Circuit's conclusion pertained to *plain* legal prejudice because it uses the terms legal prejudice and plain legal prejudice interchangeably throughout its discussion on this issue.

defense comprises clear legal prejudice).

If a court finds that dismissal will subject a defendant to plain legal prejudice, it may either deny the motion or create a condition for dismissal in order to cure the prejudice. *Elbaor*, 279 F.3d at 317-18. Notably, the possibility of a second suit based upon the same facts, alone, is not sufficiently prejudicial to warrant the denial of a voluntary motion to dismiss. *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Nor is the fact that a plaintiff gains a tactical advantage by a voluntary dismissal enough to preclude it. *See Manshack*, 915 F.2d at 174; *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990). With these standards in mind, the Court examines the facts of this case.

**B. Dismissal of the Instant Case**

This case has passed the summary judgment phase and trial looms in four short days. ModSpace filed its motion for voluntary dismissal less than twenty-four hours before the parties' pre-trial conference and less than two business days before trial. At this late stage in the litigation, granting a voluntary dismissal of ModSpace's counterclaims would cause plain legal prejudice to JMC Construction LP, the Counter-Defendant. *See Robles*, 77 Fed. Appx. at 275. Therefore, ModSpace's Motion to Voluntarily Dismiss its Counterclaims (doc. 97) is **DENIED**.

SO ORDERED.

SIGNED October 30, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE